ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br><br>**COUNTY OF CHESTER**<br><br><br>James Neal Franklin,<br>      Plaintiff,<br><br>vs.<br><br>Don Ray Reynolds and<br>Englander Transportation, Inc.,<br><br>      Defendants. | IN THE COURT OF COMMON PLEAS FOR THE SIXTH JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2024-CP-12-<br><br><br>      **SUMMONS**<br>    (Jury Trial Demanded) |

**TO THE DEFENDANT ABOVE-NAMED:**

  **YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                **MORGAN & MORGAN, P.A.**

                /s/*Jonathan D. Graham*
                JONATHAN D. GRAHAM, ESQ.
                SC Bar No. 105763
                JAMES G. BIGGART II, ESQ.
                SC Bar No. 106477
                4401 Belle Oaks Drive, Suite 300
                North Charleston, SC 29405
                jbiggart@forthepeople.com
                jgraham@forthepeople.com
                Phone: (843) 973-5186
                Fax:  (843) 973-5208
                **Attorneys for Plaintiff**

Charleston, South Carolina

March 22, 2024

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br><br>**COUNTY OF CHESTER**<br><br>James Neal Franklin,<br>       Plaintiff,<br><br>vs.<br><br>Don Ray Reynolds and<br>Englander Transportation, Inc.,<br>       Defendants. | IN THE COURT OF COMMON PLEAS FOR THE SIXTH JUDICIAL CIRCUIT<br><br>CASE NUMBER: 2024-CP-12-<br><br><br>**SUMMONS**<br>(Jury Trial Demanded) |

Plaintiff James Franklin, by and through his undersigned attorney, complains of Defendants and alleges as follows:

### Parties, Venue, and Jurisdiction

1. Plaintiff James Franklin ("Plaintiff Franklin") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff Franklin has been a resident and citizen of Clearwater, Pinellas County, Florida.

2. Defendant Don Ray Reynolds ("Defendant Driver") was driving the vehicle that smashed into Plaintiff Franklin and caused Plaintiff Franklin's injuries in the Crash. At all relevant times, Defendant Driver was a resident and citizen of Reidsville, Rockingham County, North Carolina.

3. On information and belief, Defendant Englander Transportation, Inc. ("Defendant Owner") owns the vehicle that Defendant Driver was driving during the Crash and employed Defendant Driver during the Crash. Defendant Owner is a foreign corporation existing under the laws of Virginia with its principal place of business in Virginia.

4. Venue is proper in Chester County because the acts and omissions giving rise to

2

this cause of action took place in Chester County, as further shown below.

5.      This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

**General Factual Allegations**

6.      Around 11:55 a.m. on February 13, 2024, Defendant Driver was operating Defendant Owner's 2020 Freightliner Cascadia truck (the "Truck"). Defendant Driver was operating the Truck in Chester County, South Carolina, in the course and scope of his employment with Defendant Owner.

7.      Defendant Driver was driving north on Interstate 77, in Chester County, South Carolina.

8.      Plaintiff Franklin was driving at a safe and legal speed ahead of Defendant Driver. At all relevant times, Plaintiff Franklin was operating his vehicle as a reasonably prudent person under the circumstances.

9.      Defendant Driver failed to slow the Truck down in response to changing traffic conditions and crashed into the rear of Plaintiff Franklin's vehicle. The Truck's impact forced Plaintiff Franklin into the back of a third vehicle.

10.     As a result of Defendant Driver crashing into Plaintiff Franklin, Plaintiff Franklin was injured and is undergoing medical treatment.

**For a First Cause of Action**
(Negligence *per se* Defendant Driver)

11.     Plaintiff Franklin incorporates the foregoing paragraphs as if fully repeated verbatim here.

12.     Defendant Driver owed Plaintiff Franklin statutory duties to operate his vehicle at a speed reasonable and prudent under the conditions and to exercise due care to avoid colliding

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

with Plaintiff Franklin. *See, e.g.*, S.C. Code Ann. § 56-5-1520(A).

13. Defendant Driver breached his duty to Plaintiff Franklin by driving at a greater speed than was reasonable and prudent under the conditions and failing to exercise due care to avoid crashing into Plaintiff Franklin.

14. Defendant Driver's breach of his statutory duties constitutes negligence *per se*.

15. Defendant Driver's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff Franklin to both compensatory and punitive damages.

16. Defendant Driver's breach of his statutory duties caused Plaintiff Franklin's damages, including but not limited to the following:

   a. Significant past and future medical expenses,
   b. Emotional distress and anxiety,
   c. Physical pain and suffering,
   d. Mental anguish,
   e. Loss of enjoyment of life, to the detriment of Plaintiff Franklin's physical health and mental wellbeing, and
   f. Other damages as will be shown in the discovery and trial of this case.

17. Because Plaintiff Franklin was injured as a direct result of Defendant Driver's violations of his statutory duties described above, Plaintiff Franklin is entitled to compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

18. Defendant Driver's statutory violations also demonstrate such want of care as to show Defendant Driver was consciously indifferent to the health, rights, and safety of Plaintiff

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

Franklin, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff Franklin's private rights which Defendant Driver violated. Plaintiff Franklin also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

**For a Second Cause of Action**
(Negligence as to Defendant Driver)

19. Plaintiff Franklin incorporates the foregoing paragraphs as if fully repeated verbatim here.

20. Defendant Driver owed Plaintiff Franklin a common-law duty to do the following:

    a. Keep a proper lookout,

    b. Maintain appropriate attention on the road while driving,

    c. Maintain his vehicle in a roadworthy manner,

    d. Yield the right of way to Plaintiff Franklin,

    e. Observe the intersecting roadway for approaching traffic,

    f. Operate his vehicle in a safe manner and at a safe speed, and

    g. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff Franklin.

21. Defendant Driver breached his duty to Plaintiff Franklin in one or more of the following ways:

    a. Failing to keep a proper lookout,

    b. Driving while distracted,

    c. Failing to observe Plaintiff Franklin's vehicle prior to entering the roadway,

    d. Failing to yield the right of way to Plaintiff Franklin,

5

  e. Operating his vehicle in an unsafe manner or at an unsafe speed, or

  f. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff Franklin, as shall be further shown in the discovery and trial of this case.

22. Defendant Driver's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

23. Defendant Driver's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff Franklin's serious injuries and need for medical treatment. As a direct result of Defendant Driver's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff Franklin has suffered or will suffer the following damages:

  a. Significant past and future medical expenses,

  b. Physical pain and suffering,

  c. Mental anguish,

  d. Emotional distress and anxiety,

  e. Loss of enjoyment of life, to the detriment of Plaintiff Franklin's physical health and mental wellbeing, and

  f. Other damages as will be shown in the discovery and trial of this case.

24. Because Plaintiff Franklin was injured as a direct result of Defendant Driver's acts and omissions described above, Plaintiff Franklin is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

25. Defendant Driver's acts and omissions demonstrate such want of care as to show

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

Defendant Driver was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff Franklin's and others. Thus, in addition to Plaintiff Franklin's compensatory damages, Defendant Driver should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff Franklin private rights which Defendant Driver violated. Plaintiff Franklin also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## FOR A THIRD CAUSE OF ACTION
(Vicarious Liability as to Defendant Owner)

31. Plaintiff Franklin incorporates the foregoing paragraphs as if fully repeated here.

32. At the time of the crash that is the subject of this lawsuit, Defendant Driver was acting in the scope of his employment on behalf of Defendant Owner.

33. Defendant Owner, thus acting through its agent, servant, and employee Defendant Driver, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Driver as set forth in the first and second causes of action.

34. Plaintiff Franklin asks this Court to enter judgment ordering Defendant Owner to pay actual, consequential, and punitive damages to Plaintiff Franklin, together with pre- and post-judgment interest and any other relief this Court deems just.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Owner)

35. Plaintiff Franklin incorporates the foregoing paragraphs as if fully repeated here.

36. Defendant Owner was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Driver to operate a vehicle on

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191

Defendant Owner's behalf in one or more of the following ways:

    a. Failing to review Defendant Driver's driving history;

    b. Failing to assess Defendant Driver's driving skill;

    c. Hiring Defendant Driver to drive on Defendant Owner's behalf despite knowledge of Defendant Driver's history of unsafe driving, if any;

    d. Failing to have policies and procedures to train or monitor Defendant Driver, or if such policies and procedures were in place, failing to enforce them;

    e. Failing to ensure Defendant Driver had proper training and experience to operate a vehicle for Defendant Owner in a safe and effective manner; and

    f. Otherwise failing to investigate Defendant Driver's skill and history with a vehicle, train Defendant Driver in proper driving procedures, supervise Defendant Driver's driving, to release Defendant Driver from employment due to safety issues, or act as a reasonable employer would under the same or similar circumstances.

37. Plaintiff Franklin asks this court to enter judgment ordering Defendant Owner to pay actual, consequential, and punitive damages to Plaintiff Franklin, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff Franklin asks this Court to award his actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

**DEFENDANT AND HIS ATTORNEY ARE ADVISED THAT PLAINTIFF HAS SERVED DISCOVERY REQUESTS WITH THIS SUMMONS AND COMPLAINT, INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS TO ADMIT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER THE SOUTH CAROLINA RULES OF CIVIL PROCEDURE. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, CONTACT PLAINTIFF'S COUNSEL.**

          **MORGAN & MORGAN, P.A.**

      /s/*Jonathan D. Graham*
      JONATHAN D. GRAHAM, ESQ.
      SC Bar No. 105763
      JAMES G. BIGGART II, ESQ.
      SC Bar No. 106477
      4401 Belle Oaks Drive, Suite 300
      North Charleston, SC 29405
      jbiggart@forthepeople.com
      jgraham@forthepeople.com
      Phone: (843) 973-5186
      Fax:    (843) 973-5208
      **Attorneys for Plaintiff**

Charleston, South Carolina

March 22, 2024.

ELECTRONICALLY FILED - 2024 Mar 22 5:46 PM - CHESTER - COMMON PLEAS - CASE#2024CP1200191